OAHU SAVINGS & LOAN ASSOCIATION *v.* FRANK
DE COSTA AND VICTORIA DE COSTA.

No. 2515.

KEMP, C. J., PETERS, J., AND CIRCUIT JUDGE BUCK IN
PLACE OF LE BARON, J., DISQUALIFIED.

ARGUED MAY 18, 1942.                    DECIDED MAY 20, 1942.

*Per Curiam.* This is a motion to dismiss an appeal
from a decree of the circuit judge of the first judicial cir-
cuit, at chambers, in equity, entered the 29th day of Sep-
tember, 1941.

From the motion and supporting affidavit it appears
that on October 2, 1941, the following steps were taken to
perfect an appeal from said decree: An appeal and notice
of appeal was filed; a praecipe was filed; a request for an
order requiring the reporter to prepare a transcript was
filed and endorsed by the presiding judge, "So ordered
upon giving adequate security"; the costs of court were
paid and $25 deposited with the clerk of said court for
costs on appeal. Thereafter, on October 20, 1941, the ap-
pellants procured from a justice of this court the approval
of a stipulation extending the time within which to file
the necessary papers to perfect their appeal to this court
to thirty days after said October 20, 1941. Thereafter,
on November 19, 1941, the appellants procured the ap-
proval of a justice of this court to a stipulation further
extending the time to file the necessary papers to perfect
their appeal to this court thirty days after said 19th day
of November, 1941.

No further time having been extended for filing the

record in this court and no record having been filed on May 7, 1942, the petitioner-appellee filed its motion to have said cause dismissed for want of prosecution. At the hearing on the motion counsel for the appellants admitted that the requirement of the circuit judge for the giving of security to the reporter for a transcript had not been complied with by his client; that the reporter had not prepared the transcript and no effort had been made to procure further time within which to bring the record to this court.

Paragraph 2 of rule 1 of this court is as follows: "If the necessary papers are not filed in this court within twenty days after the issuance of a writ of error, perfecting of an appeal or allowance of a bill of exceptions or such further time as may be allowed by this court or a justice thereof the appeal may be dismissed for want of prosecution. Failure of the stenographer to furnish a transcript of the evidence shall not excuse delay unless within ten days after the filing of the decree, judgment or verdict sought to be set aside the appellant shall have obtained from the lower court or judge a direction to the stenographer to prepare and furnish the desired transcript in the regular order of cases tried or in such order as the court or judge shall direct, which direction may be conditioned on the appellant's making a deposit or giving security for the estimated cost of the transcript."

The facts above outlined indicate a total lack of diligence on the part of the appellants to get their appeal into this court amounting to an abandonment of their appeal and no facts have been brought to our attention which would justify this court in exercising its discretion to further indulge the appellants by extending to them more time to comply with the rules of this court limiting the time within which the appellants may bring the record to this court.

It is therefore the order of this court that the said cause be docketed in this court and the appeal dismissed.

*W. R. Ouderkirk* for the motion.

*A. K. Trask* contra.